| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|
| **PLAINTIFFS** JILL ELISA CHAMBERS | **DEFENDANTS** 773 779 MIAMI CIRCLE, LLC, aka 773-791 MIAMI CIRCLE, LLC BEN SHIPPEN and WEISSMAN, NOWACK, CURRY & WILCO, PC. | |
| ATTORNEYS (Firm Name, Address, and Telephone No.) **Michael R. Rethinger** **72 Spring Street, SW, Atlanta, Georgia 30303** **(770) 922-0066** | ATTORNEYS (if Known) | |

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☒ 3 U.S. NOT A PARTY |
|---|---|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR CONTEMPT AND REQUEST FOR DAMAGES AND SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY
11 U.S.C. § 362(h), 11 U.S.C. § 542, Bankruptcy Rule 9020(b) and 11 U.S.C. §105

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☒ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 USC. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. I 1, Chap. 12, or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 USC. § 523
- ☒ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☒ 498 Other (specify) 11 U.S.C. § 362(h)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| DEMAND $ **20,000.00** | OTHER RELIEF SOUGHT **SANCTIONS** | | | | ☐ JURY DEMAND Check only if demanded in complaint |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR **JILL ELISA CHAMBERS** | BANKRUPTCY CASE NO. **10-90157-CRM** |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING **NORTHERN OF GEORGIA** | DIVISIONAL OFFICE **ATLANTA** | NAME OF JUDGE **C. RAY MULLINS** |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE **10/22/10** | PRINT NAME **MICHAEL R. RETHINGER** | SIGNATURE OF ATTORNEY (OR PLAINTIFF) **/S/** | |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JILL ELISA CHAMBERS, | ) | CASE NO. 10-90157-CRM |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| _____ | ) _____ | |
| | ) | |
| JILL ELISA CHAMBERS, | ) | |
| | ) | |
|    Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | |
|    vs. | ) | |
| | ) | CASE NO. _____ |
| 773 779 MIAMI CIRCLE, LLC, | ) | |
| aka 773-791 MIAMI CIRCLE, LLC, | ) | |
| BEN SHIPPEN and | ) | |
| WEISSMAN, NOWACK, CURRY & | ) | |
|  WILCO, PC, | ) | |
| | ) | |
|    Defendants. | ) | |

**COMPLAINT FOR CONTEMPT AND REQUEST FOR DAMAGES AND
SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

**COMES NOW**, Jill Elisa Chambers, (hereinafter the "Plaintiff") in the above references case, and files this Complaint for Contempt and Request for Damages and Sanctions against Defendants 773 779 Miami Circle, LLC ("Miami Circle"), Ben Shippen ("Shippen"), and Weissman, Nowack, Curry & Wilco, PC ("Weissman"), (collectively "Defendants") for willful violation of the automatic stay, and in support thereof show this Honorable Court the following:

## JURISDICTION AND VENUE

1.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), (I) and (O). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 362, 507, 523, and 541.

2.

Plaintiff brings this proceeding pursuant to 11 U.S.C. § 362(h), 11 U.S.C. § 542, Bankruptcy Rule 9020(b) and 11 U.S.C. §105.

3.

Venue is proper pursuant to 28 U.S.C. § 1409 as arising in the Plaintiff's Chapter 13 case, Case No. 10-90157, filed in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division on October 6, 2010.

## FACTUAL BACKGROUND

4.

Miami Circle obtained a default judgment against Plaintiff in Proceeding Against Tenant Holding Over filed in the Magistrate Court of Fulton County, State of Georgia. Miami Circle retained Weissman to collect the judgment. Weissman caused a Garnishment Order to be served upon Wachovia Bank. Plaintiff held with Wachovia Bank a personal checking account, savings account and her State Representative Campaign account, all of which have been frozen by Wachovia pending receipt of a dismissal of the garnishment. As it relates to her State Representative Campaign account, under Georgia law, Plaintiff does not have unrestricted use of the funds - they have to be used for campaign expenses. If she were to have any funds left at the end of her time in

office and after paying all debts of the campaign, the funds could only be distributed back to the donors pro rata or contributed to very specific entities under OCGA 21-5-33.

5.

Miami Circle is not listed as an active Georgia Corporation with the Georgia Secretary of State, however 773-791 Miami Circle, LLC was established on April 17, 2008. Upon information obtained from the Georgia Secretary of State, the Registered Agent is identified as Jeffrey M. Mangieri, whose office is located at 2 Ravinia Drive, Suite 1200, Atlanta, Georgia, 30346. Miami Circle may be served with a copy of the Summons and Complaint pursuant to Federal Rule of Bankruptcy Procedure 7004(h) via certified mail at said address.

6.

Shippen is listed as the contact person from the underlying Proceeding Against Tenant Holding Over filed in the Magistrate Court of Fulton County, State of Georgia. Upon information and belief Shippen is the owner of 773 779 Miami Circle, LLC aka 773-791 Miami Circle, LLC. Upon information obtained from the underlying proceeding, and from the Georgia Secretary of State, Shippen's address is 4572 Rebel Valley View, Atlanta, Georgia, 30339. Shippen may be served with a copy of the Summons and Complaint pursuant to Federal Rule of Bankruptcy Procedure 7004(h) via certified mail at said address.

7.

Weissman is listed as an active Georgia Professional Corporation with the Georgia Secretary of State, established May 16, 1991. Upon information obtained from the Georgia Secretary of State, the Registered Agent is identified as Seth G. Weissman,

whose office is located at One Alliance Center, 4th Floor, 3500 Lenox Road, NE, Atlanta, Georgia, 30326.  Weissman may be served with a copy of the Summons and Complaint pursuant to Federal Rule of Bankruptcy Procedure 7004(h) via certified mail at said address.

8.

Weissman is also the law firm retained by Respondent Miami Circle, and has represented them in all acts related to the willful violation of the automatic stay.

9.

 That Jonathan Benator is an attorney employed by Weissman who acted as lead counsel for Miami Circle in all acts related to the willful violation of the automatic stay.

10.

On October 6, 2010, the Debtor filed a Chapter 13 case, Case No. 10-90157-CRM (hereinafter "Chapter 13 Case").

11.

Miami Circle was duly scheduled and served with a notice of Commencement of the case by the Clerk of the US Bankruptcy Court at 4572 Rebel Valley View, Atlanta, Georgia, 30339.

12.

Plaintiff's undersigned counsel phoned Weissman and spoke with Mr. Benator on October 7, 2010 and informed him of the filing of the case.

13.

Plaintiff's undersigned counsel phoned Weissman again on October 15, 2010 and spoke with Mr. Benator informing him that if the garnishment action was not dismissed,

Plaintiff would be forced to file this instant Adversary Proceeding and would be forced to name his firm as a Defendant in that they had not fulfilled their affirmative duty to dismiss the garnishment in order to comply with the automatic stay.

14.

Based on the records at the State Court of Gwinnett County, a dismissal without prejudice of the garnishment against the Plaintiff has still not been filed. Weissman has filed a plea of stay with the Gwinnett County court, however the funds of the Debtor remain frozen in her personal Wachovia account, and her campaign account.

15.

Weissman is a law firm whose primary practice is in the field of collections and is well aware of the implications of the automatic stay and the repercussions in its violation.

16.

It is apparent that Defendants still don't get it that their actions are in direct violation of the automatic stay and have taken no action to rectify the violation. Their conduct in this matter and reckless abandonment of the law clearly demonstrates that it would rather take its chances with this Court.

17.

As a direct result of the Defendants' continued violation of the automatic stay Plaintiff has suffered monetary damages for which she is entitled to compensation as a matter of law.

18.

As a direct result of the Defendants' continued violation of the automatic stay and the continued freeze on the Campaign Account, Plaintiff may face civil and criminal

sanctions causing her to suffered significant emotional distress for which she is entitled to compensation.

19.

As a direct result of the Defendants' continued violation of the automatic stay, Plaintiff was forced to incur additional attorney's fees for having to bring this action.

**WHEREFORE**, based on the foregoing facts, Plaintiff prays:

a) That the Court issue an order requiring Defendants to show cause, if any there be, why they should not be adjudged in civil contempt for failing and refusing to comply with section 362;

(b) That following appropriate proceedings, this Court adjudge Defendants in civil contempt of this Court;

(c) That this Court enter an order requiring the Defendants to purge itself of such civil contempt by:

(1) Releasing to the Plaintiff the funds currently frozen by the illegal continuing garnishment;

(2) Paying all costs, expenses, and attorney's fees incurred by Plaintiff in connection herewith;

(3) That the Defendants be required to remove any adverse credit information reported against the Plaintiff;

(4) That the Defendants be required to pay punitive damages to Plaintiff in the sum no less than **$10,000.00;** and;

(5) That this Court grant such other and further punitive relief as may be deemed reasonable and necessary to ensure future compliance with this Court's Orders.

This 22nd day of October, 2010.

Respectfully submitted,

\_\_\_/S/_____
Michael R. Rethinger
Georgia State Bar 301215
Attorney for Plaintiff

72 Spring Street, SW
Atlanta, Georgia 30303
(770) 922-0066